**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RUDOLF H. HENDEL AND CATHERINE G. LIN-HENDEL,<br><br>          Debtors. | **On Appeal From:**<br>Bankr. Case No. 21-18847 (JKS) |
| RUDOLF HENDEL, *et al.*,<br><br>          Appellants,<br><br>v.<br><br>FAY SERVICING, LLC,<br><br>          Appellee. | Case No. 2:22-cv-04982 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Appellants Rudolf Hendel and Catherine Hendel's ("Appellants") Notice of Intent to Seek Appellate Review (ECF No. 1) of Bankruptcy Judge John K. Sherwood's Order granting in-rem relief to Appellee Fay Servicing, LLC ("Fay Servicing") on real property located at 26 Ridge Road, Summit, New Jersey 07901.[1] Appellants filed their appeal with this Court on August 9, 2022. (*Id*.) On September 2, 2022, Appellants filed their Designation of Record. (ECF No. 2.) Having reviewed the submissions filed in connection with this appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the

---

[1] Appellants' Notice of Intent to Seek Appellate Review requested that the Court review four separate orders, which are addressed in companion opinions filed under Docket Numbers 2:22-cv-04983, 2:22-cv-04984, and 2:22-cv-04985.

1

reasons set forth below and for good cause having been shown, Appellants' appeal is **DISMISSED WITH PREJUDICE**.

**I.  BACKGROUND**

On November 15, 2021, Appellants[2] filed for relief under Chapter 11 of the Bankruptcy Code. (Bk. Dkt. No. 21-18847-JKS, ECF No. 1.) Appellants own a single-family residence, located at 26 Ridge Road, Summit, New Jersey 07901 (the "Property"), which is encumbered by a mortgage serviced by Fay Servicing for Wilmington Trust National Association ("Wilmington Trust"), not in its individual capacity but as trustee for MFRA Trust 2014-2, and a mortgage serviced by Select Portfolio Services ("SPS") for MEB Loan Trust IV ("MEB"). (*Id.* at ECF No. 15.)

On December 3, 2021, Wilmington Trust filed a Motion for In Rem Relief ("In Rem Motion") from the Automatic Stay with respect to the Property. (*Id.* at ECF No. 28). On April 6, 2022, Appellants filed a motion seeking honest and fair payoff quotes from Wilmington Trust and SPS/MEB ("Payoff Motion"). (*Id.* at ECF No. 52.) The Bankruptcy Court held a hearing on both motions on May 3, 2022. The Bankruptcy Court granted Appellants' Payoff Motion, in part, on the record.[3] On June 15, 2022, Judge Sherwood entered an order, in relevant part, determining: (1) Wilmington Trust was owed between $1,559,989.01 and $1,626,979.65 less certain credits for adequate protection payments; (2) MEB was owed $537,512.21 less certain credits for adequate protection payments; and (3) Appellants were authorized to borrow $2,165,491.86 from Advisors

---

[2] Appellants proceeded *pro se* during the bankruptcy litigation and continue to procced *pro se* on appeal.

[3] This Court has not been provided with any transcripts.

2

Mortgage Group, LLC to refinance their obligations to Wilmington Trust and MEB by a reverse mortgage transaction. (*Id.* at ECF No. 77.)

On July 7, 2022, Appellants filed a Motion for Reconsideration of the Bankruptcy Court's June 15, 2022 Order ("Motion for Reconsideration"). (*Id.* at ECF No. 81.) On July 19, 2022, the Bankruptcy Court held a hearing on the Motion for Reconsideration and the In Rem Motion. The Court: (1) denied the Motion for Reconsideration; (2) granted the In Rem Motion; and (3) dismissed the bankruptcy case. (*See id.* at ECF Nos. 85, 87, 88.) Judge Sherwood entered the corresponding orders on the In Rem Motion on July 22, 2022 (*id.* at ECF No. 85), and on the Motion for Reconsideration and Dismissing the Bankruptcy Case on July 27, 2022 (*id.* at ECF Nos. 87, 88). On July 26, 2022, Appellants also filed a Motion to Disqualify Judge Sherwood and Judge Arleo from cases involving Appellants and to expunge all past orders and decisions made by the two judges (the "Disqualification Motion"). (*Id.* at ECF No. 89.) On August 2, 2022, Judge Sherwood entered an order on the Disqualification Motion, finding the Bankruptcy Court lacked jurisdiction to rule on the motion because the bankruptcy case was dismissed. (*Id.* at ECF No. 95.)

On August 8, 2022, Appellants filed a Notice of Intent to Seek Appellate Review of the four separate orders entered by Judge Sherwood, including: (1) the July 22, 2022 order granting in-rem relief on the real property located at 26 Ridge Road, Summit, New Jersey 07901, entered under Dkt. No. 2:22-cv-04982; (2) the July 27, 2022 order denying Appellants' Motion for Reconsideration of the Court's June 15, 2022 order on Fair and Honest Payoff, entered under Dkt. No. 2:22-cv-04983; (3) the July 27, 2022 order dismissing bankruptcy case, Bk. Dkt. 21-18847, entered under Dkt. No. 2:22-cv-04984; and (4) the August 2, 2022 order denying Appellants' Motion to Disqualify Judge Sherwood and Judge Arleo from cases involving Appellants, and to expunge all past orders and decisions rendered by both, entered under Dkt. No. 2:22-cv-04985.

(ECF No. 1.) On September 2, 2022, Appellants filed a single Designation of Record and Statement of Issues on Appeal relating to all four appeals. (ECF No. 2.) The Clerk's Office filed a copy on each docket.

On November 3, 2022, this Court advised Appellants of several deficiencies with their appeal and entered an Order to Show Cause on each docket, requiring that Appellants "show cause, by November 23, 2022, via a letter posted to the docket, why [each] appeal should not be dismissed [as untimely or] for failure to comply with the Bankruptcy Rules." (ECF No. 4.) Specifically, the Court explained that pursuant to Federal Rule of Bankruptcy Procedure 8002, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." (*Id.* (citing Fed. R. Bankr. P. 8002(a)(1)). In this case, the appeal of Judge Sherwood's July 22, 2022 order was due on August 5, 2022, but was received on August 8, 2022. (*Id.*) Therefore, this Court advised Appellants that their appeal, docketed under 2:22-cv-04982, was untimely. (*Id.*) Further, Appellants' designation on appeal was filed out of time and was not filed with a statement of facts specific to the appeal. (*Id.* (quoting Fed. R. Bankr. P. 8009(a)(1)). More specifically, Appellants' Notice of Appeal of the four orders was filed on August 8, 2022, and the single Designation of Record was filed, without a statement of the issues, on September 2, 2022, nearly a month after the appeal was filed. (*Id.*) The Designation was also not compliant with the Bankruptcy Rules because Appellants failed to designate specific items to be included in the record and failed to identify issues specific to each appeal. (*Id.* (quoting Fed. R. Bankr. P. 8009(a)(1)(B)). Lastly, Appellants' brief was due within thirty days of the designation, or before October 3, 2022, but again, was not timely filed. (*Id.* (citing Fed. R. Bankr. P. 8018(a)(1)). Appellants were instructed to submit a designation of record, a statement of issues specific to each appeal, and a brief consistent with the applicable rules, or they risk dismissal. (*Id.*) The Court

4

received Appellants' response to the Order to Show Cause on November 23, 2022, (ECF No. 6), and a Supplemental Reply Letter on November 30, 2022 (ECF No. 8).[4] Appellants' responses were, again, identical for each appeal.

## II.   JURISDICTION AND LEGAL STANDARD

District Courts have subject matter jurisdiction over Bankruptcy Court appeals pursuant to 28 U.S.C. § 158(a). Because subject matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived," and the District Courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Where a District Court has jurisdiction over a bankruptcy appeal, "[t]he proper standard of review to be applied by a district court . . . is determined by the nature of the issues presented on appeal." *In re Beers*, No. 09-1666, 2009 WL 4282270, *3 (D.N.J. Nov. 30, 2009) (quoting *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005)). A district court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *Interface Group-Nevada v. TWA (In re TWA)*, 145 F.3d 124, 130-31 (3d Cir. 1998)); *see In re Strong*, No. 17-1271, 2018 U.S. Dist. LEXIS 24022, at *7 (D. Del. Feb. 14, 2018) (*quoting Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999)) (noting that the district court reviews the bankruptcy court's "findings of fact for clear error and exercises plenary review over questions of law").

---

[4] The same submissions were entered in all four dockets.

### III. DECISION

Appellants' appeal of Judge Sherwood's July 22, 2022 order granting in rem relief was untimely filed, and therefore, this Court lacks subject matter jurisdiction to consider the merits of the appeal. *See In re Samson Res. Corps.*, 726 F. App'x 162, 164 (3d Cir. 2018); *Caterbone*, 640 F.3d at 111. Appellants' appeal was due on August 5, 2022, pursuant to the Federal Rules of Bankruptcy Procedure, 8002(a)(1), but received on August 8, 2022. (ECF No. 1.) Therefore, the appeal was filed outside of the fourteen-day window set forth under the Rules and is untimely.[5] *See* Fed. R. Bankr. P. 8002(a)(1) ("[A] notice of appeal must be filed with the bankruptcy clerk within [fourteen] days after entry of the judgment, order, or decree being appealed.").

The fourteen-day window set forth in the Federal Rules of Bankruptcy Procedure has a statutory basis. *See* 28 U.S.C. § 158(c)(2) ("An appeal under subsections (a) and (b) of this section shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules."). Therefore, the time for appeal is mandatory and jurisdictional. *In re Samson.*, 726 F. App'x at 164 (citing *Caterbone*, 640 F.3d at 110-12)); *Bowles v. Russell*, 551 U.S. 205, 213 (2007) (finding Appellant's failure to file a notice of appeal in accordance with the governing statute deprived the reviewing court of subject matter jurisdiction). While the time to file an appeal may be extended under circumstances outlined in the Federal Rules of Bankruptcy Procedure 8002(d)(1), the fourteen-day requirement cannot be extended "if the judgment, order, or decree appealed from . . . grants relief from an automatic stay under [11 U.S.C.] § 362." Fed. R. Bankr. P. 8002(d)(2).

---

[5] This Court entered an Order to Show Cause ordering Appellants to show, via a letter posted to the docket, why this appeal should not be dismissed as untimely or for failure to comply with the Bankruptcy Rules, and Appellants were warned that a failure to do so would result in dismissal. (ECF No. 4.) Appellants response was deficient and failed to respond directly to that inquiry. (ECF Nos. 6, 8.)

Because Appellants failed to timely appeal to the District Court, and could not extend their time to appeal the order granting relief under 11 U.S.C. § 362(d)(4)(A), Appellants lost their opportunity for appellate review of the merits of the appeal. *In re Samson*, 726 F. App'x at 164. While this Court acknowledges Appellants difficulties in proceeding *pro so*, "there are no equitable exceptions to jurisdictional requirements such as the one governing the time to appeal final orders of bankruptcy courts." *Id.* at 165 (citing *In re Sobczack-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016); *Bowles*, 551 U.S. at 214). This Court cannot excuse Appellants' belated appeal, *see id.* at 164, and so Appellants' appeal of the Bankruptcy Court's order granting in rem relief is denied.

### IV.   CONCLUSION

Accordingly, and for good cause appearing, Appellants' appeal of the Bankruptcy Court's order granting in-rem relief, docketed as 2:22-cv-04982, is **DISMISSED WITH PREJUDICE**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2023